## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **EDELMIRO RODRIGUEZ AND** | § | |
| **YOLANDA G. RODRIGUEZ** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.**   7:16-cv-486 |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | |

---

## INDEX OF MATTERS BEING FILED

---

1.      Liberty Mutual Insurance Company's Notice of Removal

2.      Exhibit A:      Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

3.      Exhibit B:      A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **EDELMIRO RODRIGUEZ AND** | § | |
| **YOLANDA G. RODRIGUEZ** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY** | § | |
|     **Defendant.** | § | |

---

## LIBERTY MUTUAL INSURANCE COMPANY NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Mutual Insurance Company ("LMIC") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.    On July 11, 2016, Edelmiro Rodriguez and Yolanda G. Rodriguez ("Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. C-3229-16-A; *Edelmiro Rodriguez and Yolanda G. Rodriguez v. Liberty Mutual Insurance Company*; In the 92nd Judicial District Court, Hidalgo County, Texas.  LMIC was served with citation on July 21, 2016.

### *Nature of the Suit*

2.    This lawsuit involves a dispute over LMIC's handling of Plaintiffs' insurance claims for damages from a storm allegedly sustained by their residential property:  314 N Cesar Chavez Dr, Edinburg, Texas 78542-0437.  Plaintiffs claim LMIC breached the insurance contract, breached the duty of good faith and fair dealing, and violated the Texas Insurance

Code.  Plaintiffs seek actual damages, compensatory damages, additional costs, treble damages, exemplary damages, pre- and post-judgment costs, court costs, and attorney's fees.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.   At the time Plaintiffs filed their Original Petition on July 11, 2016, and as of the date of filing this Notice, LMIC is organized under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts.  Accordingly, at the time of filing of this suit, and through the filing of this Notice, LMIC was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5.      Upon information and belief, Plaintiffs were citizens of Texas when they filed their Original Petition, and continue to be citizens of Texas.[1]

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiffs' Original Petition seeks monetary relief over $200,000,[2] and it is clear that the actual amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[3]   Here,

---

[1] *See* Plaintiffs' Original Petition, ¶ II
[2] *Id*. at ¶ XI.
[3] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims

Plaintiffs claim that a wind and/or hail storm caused damages to their property that Plaintiffs insured through LMIC.[4]   Plaintiffs seek damages over $200,000 for LMIC's refusal to fully compensate them under the terms of their insurance contract, Policy Number H3729802033470.[5] Policy Number H3729802033470 is a Texas Homeowner's Policy with coverage limits of $199,900.00 for the dwelling, and $119,000.00 for personal property.

8.      Further, Plaintiffs seek actual damages, compensatory damages, additional costs, exemplary damages, pre- and post-judgment costs, and court costs.[6]   Plaintiffs also seek treble damages under the Texas Insurance Code based on allegations LMIC acted "knowingly."[7] Plaintiffs also seek attorney fees.[8]   Thus, given the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9.      Plaintiffs could also easily claim a much higher amount under the Policy.[9]   It would not be legally impossible for them to obtain a recovery of at least $75,000 based on the Policy's coverage limits, and Plaintiffs failed to file an affidavit with their petition, stipulating that their damages do not exceed $75,000.00.[10]

---

and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[4] Plaintiffs' Original Petition, ¶ IV.
[5] Plaintiffs' Original Petition, ¶ IV-XI. Plaintiffs' Policy was issued by Liberty Insurance Corporation rather than the named Defendant as indicated in the Answer filed prior to removal.  Regardless of the proper insurance carrier defendant, removal is proper because Liberty Insurance Company ("LIC") is likewise a diverse party.  LIC is a company organized under the laws of the State of Illinois with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.
[6] *See* Plaintiffs' Original Petition, ¶ VII-VIII, XI.
[7] *Id.* at ¶ VII.
[8] *Id.*
[9] *See DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).
[10] *See id.* (litigants who wish to prevent removal by showing a legal certainty may file a binding stipulation or an affidavit with their petition).

### *The Removal is Procedurally Correct*

10.    LMIC was first served with the Original Petition on July 21, 2016. Therefore, LMIC filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

12.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

13.    Pursuant to 28 U.S.C. §1446(d), promptly after LMIC files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

14.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Hidalgo County, Texas, promptly after LMIC files this Notice.

WHEREFORE, LIBERTY MUTUAL INSURANCE COMPANY requests that this action be removed from the 92nd Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Southern District No. 21360
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

*Counsel for Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **12**[th] day of **August 2016**, addressed to those who do not receive notice from the Clerk of the Court.

Robert A. Pollom
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

David R. Stephens

# Exhibit  A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. C-3229-16-A

| | | | | |
|---|---|---|---|---|
| **Edelmiro Rodriguez and Yolanda G. Rodriguez VS. Liberty Mutual Insurance Company and Tony Ramirez** | § | | Case Type: | **Contract - Consumer/Commercial/Debt (OCA)** |
| | § | | | |
| | § | | | |
| | § | | Date Filed: | **07/11/2016** |
| | § | | Location: | **92nd District Court** |

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Liberty Mutual Insurance Company** | |
| **Defendant** | **Ramirez, Tony** | |
| **Plaintiff** | **Rodriguez, Edelmiro** | **Robert Andrew Pollom** *Retained* 210-490-7402(W) |
| **Plaintiff** | **Rodriguez, Yolanda G.** | **Robert Andrew Pollom** *Retained* 210-490-7402(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 07/11/2016 | **Original Petition (OCA)** *Plaintiffs' Original Petition* | | | |
| 07/13/2016 | **Citation** *E-SERVED TO: STEFANIE@KRWLAWYERS.COM* | | | |
| | Liberty Mutual Insurance Company | Served | 07/21/2016 | |
| | | Returned | 07/28/2016 | |
| | Ramirez, Tony | Unserved | | |
| 07/13/2016 | **Service Issued** *1 CIT.* | | | |
| 07/13/2016 | **First Amended** *PLAINTIFF'S FIRST AMENDED PETITON* | | | |
| 07/13/2016 | **Citation** *E-SERVED TO: STEFANIE@KRWLAWYERS.COM* | | | |
| | Ramirez, Tony | Served | 07/21/2016 | |
| | | Returned | 07/28/2016 | |
| 07/13/2016 | **Service Issued** *1 CIT.* | | | |
| 07/28/2016 | **Service Returned** *TONY RAMIREZ SERVED 7/21/16* | | | |
| 07/28/2016 | **Service Returned** *LIBERTY MUTUAL INSURANCE COMPANY SERVED ON 7/21/16* | | | |

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Liberty Mutual Insurance Company | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 08/12/2016** | | | **0.00** |
| 07/28/2016 | Transaction Assessment | | | 2.00 |
| 07/28/2016 | EFile Payments from TexFile | Receipt # DC-2016-057753 | Liberty Mutual Insurance Company | (2.00) |

| | | | | |
|---|---|---|---|---|
| | **Defendant** Ramirez, Tony | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 08/12/2016** | | | **0.00** |
| 07/28/2016 | Transaction Assessment | | | 2.00 |

| 07/28/2016 | EFile Payments from TexFile | Receipt # DC-2016-057751 | Ramirez, Tony | (2.00) |
|---|---|---|---|---|

| | **Plaintiff** Rodriguez, Edelmiro | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 312.00 |
| | Total Payments and Credits | | | 312.00 |
| | **Balance Due as of 08/12/2016** | | | **0.00** |
| 07/12/2016 | Transaction Assessment | | | 310.00 |
| 07/12/2016 | EFile Payments from TexFile | Receipt # DC-2016-052984 | Rodriguez, Edelmiro | (310.00) |
| 07/13/2016 | Transaction Assessment | | | 2.00 |
| 07/13/2016 | EFile Payments from TexFile | Receipt # DC-2016-053432 | Rodriguez, Edelmiro | (2.00) |



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 15412529**
**Date Processed: 07/21/2016**

# Notice of Service of Process

| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
|---|---|

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Edelmiro Rodriguez vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County District Court, Texas |
| **Case/Reference No:** | C-3229-16-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/21/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Robert A. Pollom<br>210-490-7402 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

C-3229-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**LIBERTY MUTUAL INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701 OR WHEREVER ELSE IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 11th day of July, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-3229-16-A, **EDELMIRO RODRIGUEZ AND YOLANDA G. RODRIGUEZ VS. LIBERTY MUTUAL INSURANCE COMPANY AND TONY RAMIREZ**

Said Petition was filed in said court by ROBERT ANDREW POLLOM, 16500 SAN PEDRO SUITE 302  SAN ANTONIO TX  78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 13th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

Monica Valdez

**MONICA VALDEZ, DEPUTY CLERK**

## C-3229-16-A
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. **C-3229-16-A**

| | | |
|---|---|---|
| EDELMIRO RODRIGUEZ AND YOLANDA G. RODRIGUEZ | § § § § § § | IN THE DISTRICT COURT |
| V. | § § § § | _____ JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE COMPANY | § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs EDELMIRO RODRIGUEZ AND YOLANDA G. RODRIGUEZ, file this Original Petition against LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY MUTUAL" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs reside in Hidalgo County, Texas.

C-3229-16-A

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Defendant LIBERTY MUTUAL is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs'.

This defendant may be served with personal process, by its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else it may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiffs and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Plaintiffs own the insured property, which is specifically located at 314 North Cesar Chavez Road, Edinburg, Texas 78542 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, Plaintiffs sustained a covered loss in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy. Plaintiffs asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused

3

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

4

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described above, to pay Plaintiffs' adequate compensation as it is obligated to do under the terms of the Policy in

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.     UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs' material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered loss have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiff are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

C-3229-16-A

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by loss made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

9

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiffs construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

### IX.
### REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

### X.
### FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiffs/ insureds and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

### XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by

Electronically Filed
7/11/2016 4:43:56 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary

relief, the maximum of which is over $200,000 but not more than $1,000,000. The amount of

monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also

seek pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that INSURANCE

DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment

against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which

will be a sum within the jurisdictional limits of this Court; for cost of suit; for interest on the judgment;

for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or

special, including the non-monetary relief of declaratory judgment against the INSURANCE

DEFENDANT, to which Plaintiffs' may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Facsimile:    (210) 490-8372

BY:    /s/ Robert A. Pollom
       Robert A. Pollom
       State Bar No. 24041703
       robert@krwlawyers.com

ATTORNEY FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**

11

**BRAVO'S LEGAL PROCESSING**
14080 NACOGDOCHES ROAD
No. 320
SAN ANTONIO, TX. 78247

7015 1730 0002 3818 8374

CPU  U.S. POSTAGE
PB  1P 000
3658533        $ 7.36⁰
FCMF         MAILED   JUL 19 2016
                      78247

LIBERTY MUTUAL INS. Co
C/o CORPORATION SERVICE COMPANY
211 EAST 7th STREET, SUITE 620
AUSTIN, TEXAS 78701

CAUSE NO. C-3229-16-A

| | | |
|---|---|---|
| **EDELMIRO RODRIGUEZ AND** | § | **IN THE DISTRICT COURT** |
| **YOLANDA G. RODRIGUEZ** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **92ND JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT LIBERTY INSURANCE CORPORATION, INCORRECTLY NAMED LIBERTY MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER

NOW COMES Defendant Liberty Insurance Corporation, *incorrectly named Liberty Mutual Insurance Company* and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition, and any subsequent amendments thereof, pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation, *incorrectly named Liberty Mutual Insurance Company* respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:  _____
David R. Stephens
State Bar No. 19146100
Amanda N. James
State Bar No. 24092570
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
ajames@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Insurance Corporation's Original Answer was served by electronic service on the **12**th day of **August 2016**, upon the following counsel of record:

Robert A. Pollom
State Bar No. 24041703
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

_____
David R. Stephens
Amanda N. James

2

# Exhibit  B

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **EDELMIRO RODRIGUEZ AND** | § | |
| **YOLANDA G. RODRIGUEZ** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY** | § | |
|     **Defendant.** | § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

Party                                             Attorney(s)

Edelmiro Rodriguez and                            Robert A. Pollum
Yolanda G. Rodriguez                              State Bar No. 24041703
                                                  Ketterman Rowlund & Westlund
                                                  16500 San Pedro, Suite 302
                                                  San Antonio, Texas 78232
                                                  Telephone:  (210) 490-7402
                                                  Facsimile:  (210) 490-8372
                                                  Robert@krwlawyers.com


Liberty Mutual Insurance Company                  David R. Stephens
                                                  Attorney in Charge
                                                  State Bar No. 19146100
                                                  Southern District No. 21360
                                                  Lindow Stephens Treat LLP
                                                  One Riverwalk Place
                                                  700 N. St. Mary's St., Suite 1700
                                                  San Antonio, Texas  78205
                                                  Telephone: (210) 227-2200
                                                  Facsimile: (210) 227-4602
                                                  dstephens@lstlaw.com